IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA SUMMERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TURKEY HILL MINIT MARKETS, LLC, CUMBERLAND FARMS, INC., and E.G. AMERICA, LLC,<br><br>Defendants. | Case No.: _____<br><br>COMPLAINT – CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## **COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, THERESA SUMMERS ("Ms. Summers" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendants, TURKEY HILL MINIT MARKETS, LLC ("Turkey Hill"), CUMBERLAND FARMS, INC. ("Cumberland Farms"), and EG AMERICA, LLC ("EG America," and collectively with Turkey Hill and Cumberland Farms as "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Named Plaintiff is a resident of the Commonwealth of Pennsylvania, residing resides in Mohnton, Pennsylvania (Berks County). Ms. Summers' consent to join the class action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant, Turkey Hill, is a wholly owned subsidiary of EG America incorporated in the State of Delaware as a limited liability company, with its corporate headquarters located at 165 Flanders Road, Westborough, Worcester County, Massachusetts 01581. Turkey Hill owns and operates approximately two hundred and fifty (250) convenience stores in the Commonwealth of Pennsylvania doing business under the registered fictitious name of Turkey Hill Minit Markets ("Turkey Hills").

7. Turkey Hill is an employer covered by the FLSA and the PMWA.

8. Defendant, Cumberland Farms, is a wholly owned subsidiary of EG America incorporated in the State of Delaware as a limited liability company, with its corporate headquarters located at 165 Flanders Road, Westborough, Worcester County, Massachusetts 01581. In addition owning and operating its own convenience store brand, Cumberland Farms also handles certain payroll operations for EG America as its parent company, including the payroll services for Turkey Hill. Cumberland Farms does business and is registered as a foreign business corporation in the Commonwealth of Pennsylvania.

9. Cumberland Farms is an employer covered by the FLSA and the PMWA.

10. Defendant, EG America, is a convenience store retailer incorporated in the State of Delaware as a limited liability company, with its corporate headquarters located at 165 Flanders Road, Westborough, Worcester County, Massachusetts 01581. EG America is the parent company of both Turkey Hill and Cumberland Farms.

11. EG America is an employer covered by the FLSA and the PMWA.

## FACTS

12. According to Turkey Hill's website, "EG America is one of the fastest growing convenience store retailers in the United States. In 2019 EG America established its new national headquarters in Westborough, MA. The company has

now grown to 1,600+ stores with locations across the United States. Cumberland Farms, Turkey Hill, Kwik Shop, Loaf 'N Jug, Tom Thumb, Quik Stop, Minit Mart, Fastrac, and Certified Oil are the convenience stores of EG America and we continue to grow our family of stores in the coming years."[1]

13. Included within EG America's corporate family of convenience stores are approximately two hundred and seventy (270) Turkey Hills located throughout Pennsylvania, Ohio, and Indiana, including Named Plaintiff's assigned store located at 4443 New Holland Road, Mohnton, Pennsylvania – previously owned and operated by "The Kroger Co." stores prior to EG America's finalized purchase of Kroger's retail convenience store business on April 20, 2018.

14. Defendants employ in their Turkey Hills convenience stores General Managers who are paid a salary. Named Plaintiff remains employed by Defendants and her annual salary is approximately fifty-five thousand dollars ($55,000.00), based on a forty-eight (48) hour workweek at an hourly rate of twenty-two dollars ($22.00).

15. Named Plaintiff primarily worked either alone in the store or with only one other store employee. Named Plaintiff spent almost all of her working hours (a minimum of ninety percent (90%) of her required workweek) performing non-

---

[1] https://www.turkeyhillcstores.com/about-us/ (last visited July 26, 2022).

managerial tasks such as, for example, assisting customers, running the cash register, stocking shelves, loading/unloading/counting inventory, and cleaning.

16.  Salaried General Managers such as Named Plaintiff often work over forty (40) hours per week.  By way of example, Named Plaintiff estimates that she worked an average of eighty (80) hours during a typical week.

17.  Defendants do not pay salaried General Managers any overtime compensation for hours worked over forty (40) per workweek.

## JOINT EMPLOYMENT ALLEGATIONS

18.  At all relevant times, Defendants and its corporate family, including Turkey Hill and Cumberland Farms, have been organized and operated in a consolidated way so that it can effectively provide a consistent product throughout its convenience stores that satisfies the stringent and high standards that it demands to be one of the largest convenience store retailers in the United States.

19.  EG America and its corporate family, although created as separate legal entities, are indistinguishable from one another as a consolidated convenience store retailer jointly responsible for the day to day operations of now over seventeen hundred (1,700) convenience stores across the United States.[2]

20.  This consolidated operation includes, but is not limited to, common policies and systems with regard its employment practices such as job descriptions

---

[2] https://www.eg-america.com/about-us/ (last visited July 26, 2022).

and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, time-keeping and payroll data collection, and issuing payroll checks.

21. This consolidated operation is located in Westborough, Massachusetts, where each entity of the corporate family shares a single location and new Store Support Center for each of its corporate headquarters.[3]

22. Similarly, the corporate executives of EG America and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate over seventeen hundred (1,700) convenience stores.

23. At all times relevant to this complaint, Defendants jointly employed Named Plaintiff and all others similarly situated evidenced by their shared involvement in the terms of their employment and compensation.

24. At all relevant times, EG America and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity in EG America is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

25. At all relevant times, EG America and its corporate family consolidated their decision-making with regard to the wage and hour allegations set for herein,

---

[3] *Id.*

and collectively controlled and implemented policies that resulted in a failure to pay overtime wages in violation of the FLSA and PMWA.

26. Accordingly, Defendants engaged in joint employment practices with regard to Named Plaintiff and all others similarly situated.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Named Plaintiff, Ms. Summers, brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all salaried General Managers employed by Defendants during the past three (3) years.

28. Plaintiff's FLSA claim should proceed as a collective action because Named Plaintiff and other putative collective members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

29. Class action treatment of Named Plaintiff's PMWA claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

30. The class is readily ascertainable based on Defendants' standard payroll records and is so numerous that joinder of all class members is impracticable.

31.   Named Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

32.   Named Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

33.   Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' companywide pay policies, as summarized herein. Moreover, the legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

34.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

### FLSA VIOLATIONS
### (All Plaintiffs v. All Defendants)

35.   All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

37. Defendants violated the FLSA by failing to pay Plaintiff and the collective overtime compensation for hours worked over forty (40) per week.

38. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II

### PMWA VIOLATIONS
### (All Plaintiffs v. All Defendants)

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The PMWA entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked over forty (40) per week. *See* 43 Pa.C.S. § 333.104(c).

41. Defendants violated the PMWA by failing to pay Named Plaintiff and the class overtime compensation for hours worked over forty (40) per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, Theresa Summers, individually and on behalf of all other similarly situated members of the proposed collective and class, seeks relief against Defendants, Turkey Hill Minit Markets, LLC, Cumberland Farms, Inc., and EG America, jointly and severally, as follows:

a. Unpaid overtime wages and prejudgment interest;

b. Liquidated damages;

c. Litigation costs, expenses, and attorneys' fees; and

d. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the proposed FLSA collective and PMWA class demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: July 26, 2022

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*