# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA SUMMERS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TH MINIT MARKETS LLC and TH MIDWEST, INC.,<br><br>  Defendants. | Case No. 5:22-cv-02934<br><br>FIRST AMENDED COMPLAINT – CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, THERESA SUMMERS ("Ms. Summers" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this amended Collective and Class Action Complaint ("Complaint") against Defendants, TH MINIT MARKETS LLC and TH MIDWEST, INC. (collectively "Defendants" or "Turkey Hill")[1], and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq.

---

[1] Plaintiff files this amended complaint adding Defendants TH Minit Markets LLC and TH Midwest, Inc, and dropping Defendants Turkey Hill Minit Markets, LLC, Cumberland Farms, Inc., and EG America, LLC, without prejudice with the consent of all added and dropped Defendants.  See Fed.R.Civ.P. 15 (permitting amended complaint with opposing party's consent) & 21 (providing for adding and dropping of parties).

("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, et

seq. ("PMWA"), as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b)

and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.      Named Plaintiff is a resident of the Commonwealth of Pennsylvania,

residing resides in Mohnton, Pennsylvania (Berks County).  Ms. Summers' consent

to join the class action aspect of this lawsuit was previously attached to and docketed

with Named Plaintiff's original Complaint as Exhibit A (Doc. 1-1).

5.      Plaintiff is an employee of TH Minit Markets LLC covered by the

FLSA and the PMWA.

6.      Defendant, TH Minit Markets LLC, is a limited liability company

organized under Pennsylvania law, with its headquarters located at 165 Flanders

Road, Westborough, Worcester County, Massachusetts 01581.

7.      TH Minit Markets LLC is an employer covered by the FLSA and the

PMWA.

8.    Defendant, TH Midwest, Inc., is an Ohio corporation, with its headquarters located in Massachusetts.  TH Midwest, Inc. employs members of the proposed class working as Store Managers at Turkey Hill convenience stores in Ohio.

9.    TH Midwest, Inc. is an employer covered by the FLSA.

## FACTS

10.    Collectively, Defendants operate approximately two hundred and seventy (270) Turkey Hill convenience stores located throughout Pennsylvania and Ohio, including Named Plaintiff's assigned store located at 4443 New Holland Road, Mohnton, Pennsylvania.

11.    Defendants employ in their Turkey Hill convenience stores Store Managers who are paid a salary.  Named Plaintiff remains employed by Defendant TH Minit Markets LLC and her annual salary is approximately fifty-five thousand dollars ($55,000.00), based on a forty-eight (48) hour workweek at an hourly rate of twenty-two dollars ($22.00).

12.    Named Plaintiff primarily worked either alone in the store or with only one other store employee.  Named Plaintiff spent almost all of her working hours (a minimum of ninety percent (90%) of her required workweek) performing non-managerial tasks such as, for example, assisting customers, running the cash register, stocking shelves, loading/unloading/counting inventory, and cleaning.

13.    Salaried Store Managers such as Named Plaintiff often work over forty (40) hours per week.  By way of example, Named Plaintiff estimates that she worked an average of eighty (80) hours during a typical week.

14.    Defendants do not pay salaried Store Managers any overtime compensation for hours worked over forty (40) per workweek.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

15.    Named Plaintiff, Ms. Summers, brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all salaried Store Managers employed by Defendants during the past three (3) years and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all salaried Store Managers employed by Defendants in Pennsylvania during the past three (3) years.

16.    Plaintiff's FLSA claim should proceed as a collective action because Named Plaintiff and other putative collective members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17.    Class action treatment of Named Plaintiff's PMWA claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

18.     The class is readily ascertainable based on Defendants' standard payroll records and is so numerous that joinder of all class members is impracticable.

19.     Named Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

20.     Named Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

21.     Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendants' companywide pay policies, as summarized herein.   Moreover, the legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

### FLSA VIOLATIONS
**(All Plaintiffs v. All Defendants)**

23.    All previous paragraphs are incorporated as though fully set forth herein.

24.    The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over forty (40) per week. See 29 U.S.C. § 207(a)(1).

25.    Defendants violated the FLSA by failing to pay Plaintiff and the collective overtime compensation for hours worked over forty (40) per week.

26.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II

### PMWA VIOLATIONS
**(All Plaintiffs v. All Defendants)**

27.    All previous paragraphs are incorporated as though fully set forth herein.

28.    The PMWA entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked over forty (40) per week. See 43 Pa.C.S. § 333.104(c).

29.    Defendants violated the PMWA by failing to pay Named Plaintiff and the class overtime compensation for hours worked over forty (40) per week.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, Theresa Summers, individually and on behalf of all other similarly situated members of the proposed collective and class, seeks relief against Defendants, TH Minit Markets LLC and TH Midwest, Inc., jointly and severally, as follows:

a.    Unpaid overtime wages and prejudgment interest;

b.    Liquidated damages;

c.    Litigation costs, expenses, and attorneys' fees; and

d.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the proposed FLSA collective and PMWA class demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,


**WEISBERG CUMMINGS P.C.**

Dated: <u>September 14, 2022</u>

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*